NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
PETER S. LEVITT
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-5087
peter.s.levitt@usdoj.gov

*Representing the United States of America*

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEVADA*
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ESAU AZIZ SHAHID,<br><br>Defendant. | Case No. 2:19-cr-00003-RFB-NJK<br><br>**STIPULATION FOR A PROTECTIVE ORDER** |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the public, or any third party not directly related to this case, two audio recordings that the Government will produce during discovery under Bates-stamp numbers 000138-000139 (the "Protected Material").

The parties state as follows:

1. The indictment in this case first issued on January 2, 2019.

2. Trial is currently set for March 11, 2019. The Government has already made a disclosure of discovery to the defendant; it desires and intends to continue producing discovery, including the Protected Material, as soon as possible.

1

3. The indictment in this case derives, in part, from Defendant's attempt to rob victim T.R. in the parking lot of the Green Valley Ranch Casino in Henderson, Nevada, on December 7, 2018. The Government alleges that, after T.R. won more than $6,000 at roulette, Defendant, who had watched T.R. exchange his/her chips for cash, followed T.R. to the parking lot, demanded T.R.'s cash and car keys, and repeatedly struck T.R. over the head with a firearm. The Government further alleges that, several days after the attempted robbery, law enforcement arrested Defendant (who had previously been convicted of a felony), searched his person and residence, and seized three firearms.

4. While the Government has already made available redacted discovery, the Government, in providing it, advised defense counsel that the disclosure did not include two audio recordings, that is, the Protected Material. These recordings contain conversations between officers from the Henderson Police Department and T.R. regarding, among other things, the December 7, 2018 attempted robbery and T.R.'s intended disposition of his cash. In the course of these conversations, T.R.'s full name and other personal identifying information is revealed.

5. Dissemination of the Protected Material will thus reveal personal identifying information of T.R., a potential witnesses.

6. In order to protect the potential witnesses and suspects involved in and revealed by the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: a) Defendant, b) attorneys for the parties, and c) any personnel that the attorneys for all parties considered necessary to assist in performing that attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

7. Without leave of Court, the Covered Individuals shall not:

   a. make copies for, or intentionally allow copies of any kind to be made by any other person of the Protected Material in this case, or intentionally permit dissemination of the Protected Material at any detention facility where Defendant may be housed, to include leaving a copy of the Protected Material unsecured at any detention facility;[1]

   b. intentionally allow any other person to read, listen, or otherwise review the Protected Material;

   c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

   d. attach the Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice.

9. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

10. Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

11. Finally, upon conclusion of this action, the Defendant's attorneys agree to return to the United States, or destroy and certify to Government counsel the destruction of the protected information, within a reasonable time, not to exceed thirty days after the last appeal is final.

---

[1] On January 9, 2019, this Court ordered Defendant released from custody pending trial. Should Defendant ever be housed in any correctional facility during the pendency of this case, a copy of the Protected Material will be provided to the library located at the facility, where Defendant can view it as needed. However, when Defendant is finished viewing the Protected Material, he must return his copy of it to the library for safekeeping.

3

12. The defense hereby stipulates to this protective order.

Respectfully submitted,
For the United States:

NICHOLAS A. TRUTINICH
United States Attorney

_____/s/_____
PETER S. LEVITT
Assistant United States Attorney


For the Defense:

_____/s/_____
RAQUEL LAZO, ESQ.
Attorney for ESAU AZIZ SHAHID

**IT IS SO ORDERED:**

_____  January 23, 2019
NANCY J. KOPPE                                         _____
UNITED STATES MAGISTRATE JUDGE       Date